UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01214-ODW (MBKx) | Date | March 20, 2026 |
|---|---|---|---|
| Title | *Geovanny Ramirez Lopez v. Fereti Semaia et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Daniel Torrez | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**          **In Chambers**


On March 19, 2026, Petitioner Geovanny Ramirez Lopez filed an Ex Parte Application for a Temporary Restraining Order.  (Ex Parte Appl. ("TRO"), Dkt. No. 2.)  Respondents failed to timely respond.  For the following reasons, the Court **GRANTS** Ramirez Lopez's TRO.[1]

Ramirez Lopez is a citizen of Mexico.  (Pet. ¶ 2, Dkt. No. 1.)  On May 5, 2006, Ramirez Lopez entered the United States.  (*Id.* ¶ 24.)  On January 24, 2026, two individuals grabbed and detained Ramirez Lopez.  (*Id.* ¶ 27.)  The individuals transported him to Adelanto Immigration and Customs Enforcement ("ICE") Processing Center.  (*Id.* ¶ 28.)  Respondents have since held him without the ability to obtain a bond hearing pursuant to a Department of Homeland Security policy subjecting non-citizens to 8 U.S.C. § 1225(b).  (*Id.* ¶ 30.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the

---

[1] The Court has jurisdiction to review "the purely legal question" that Lopez raises.  *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01214-ODW (MBKx) | | Date | March 20, 2026 |
|---|---|---|---|---|
| Title | *Geovanny Ramirez Lopez v. Fereti Semaia et al* | | | |

plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Ramirez Lopez is likely to succeed in arguing that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governs his detention. (TRO 7–11.) The Court has considered this identical issue in nearly identical factual circumstances and incorporates and adopts by reference its analyses in those recent decisions. *See, e.g.*, *Garcia v. Noem*, No. 5:25-cv-02771-ODW (PDx), 2025 WL 2986672, at *2–4 (C.D. Cal. Oct. 22, 2025); *Kumar v. Santacruz Jr.*, No. 5:56-cv-00297-ODW (SSCx), 2026 WL 246018, at *3 (C.D. Cal. Jan. 26, 2026) (collecting cases).

Second, Ramirez Lopez is likely to suffer irreparable harm because his detention without a bond hearing constitutes a deprivation of due process. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

Finally, Ramirez Lopez has demonstrated that the balance of equities and the public interest require injunctive relief. As the Court has previously expressed, "to the extent that the BIA's adopted statutory interpretation deprives [Ramirez Lopez] of [his] constitutional rights and violates federal law, 'it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue.'" *Gonzalez v. Noem*, No. 5:25-cv-02054-ODW (ADSx), 2025 WL 2633187, at *6 (C.D. Cal. Aug. 13, 2025) (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)).

For these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS** the TRO. (Dkt. No. 2.) The Court **ORDERS** the following:

- Respondents shall release Ramirez Lopez or, in the alternative, provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Order;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01214-ODW (MBKx) | Date | March 20, 2026 |
|---|---|---|---|
| Title | *Geovanny Ramirez Lopez v. Fereti Semaia et al* | | |

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **March 27, 2026,** as to why the Court should not issue a preliminary injunction in this case.  Ramirez Lopez may file a reply by **March 31, 2026**.  The Court **SETS** a hearing on the preliminary injunction on **April 3, 2026, at 8:00 a.m.**, via Zoom.

   **IT IS SO ORDERED**.

                                                      :        00

                              Initials of Preparer    DT